## STACEY v. UNITED STATES.

### No. 38819.

District Court, N. D. Illinois, E. D.

July 19, 1932.

Loucks, Eckert & Peterson, of Chicago, Ill., for plaintiff.

George E. Q. Johnson, U. S. Dist. Atty., and Dwight H. Green, Asst. U. S. Dist. Atty., both of Chicago, Ill.

WOODWARD, District Judge.

The plaintiff grounds her right to recover on section 214(a) (1) of the Revenue Act of 1926, 26 USCA § 955(a) (1), which reads as follows:

Sec. 214 "(a) In computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."

The plaintiff, a widow, is a housewife, and during the year 1927 owned four tracts of real estate in Evanston, Ill. She testified that she handled her own property. She was not engaged in any trade or business. In 1927 she engaged brokers who negotiated a 99-year lease upon a building located upon one of the tracts owned by her. The brokerage fee amounted to one average year's rental of which $8,488.50 was paid during the year 1927. The broker's fee paid for the year 1927 exceeded the rental for that year.

In her income tax return for the year 1927, plaintiff included the sum of $8,488.50 in her deductions from gross income for the year 1927 in the computation of her net income upon which her federal income tax was based. This deduction was disallowed by the Commissioner of Internal Revenue; the Commissioner holding that the brokerage fee should be spread over the term of the lease and accordingly allowed as a deduction during the year 1927 the sum of $85.74, which is one ninety-ninth of the total commission paid. As a result of this adjustment, plaintiff was required to pay an additional tax and interest which she seeks to recover back in this action.

At the trial, evidence was offered and received subject to objection to the effect that the lease was surrendered by the lessee.

In order that an expenditure may constitute an allowable deduction under section 214 (a) (1) of the Revenue Act of 1926, three elements must concur: (1) The expenditure must have been incurred "in carrying on any trade or business"; (2) it must have been an ordinary expenditure in such connection; and (3) it must have been a necessary expense in such connection.

Plaintiff contends that all three elements are present, while the government contends that the first and second elements as above designated are absent.

■ From the statement of facts above set forth, it is difficult to bring the mind to a conclusion that during the year 1927 the plaintiff was engaged "in carrying on any trade or business" within the purview of the section relied upon.

The apparent object and purpose of this section is to provide for the deduction of trade and business expenditures such as are of a recurring, regular, or frequent nature and not incidental or isolated transactions. Such is the plain implication from a reading of all of section 214(a) (1), and such has been the construction placed upon a similar clause of the Revenue Act of 1927 in the regulations of the Treasury Department interpreting the meaning of the words "trade" and "business" as used in the Revenue Act of 1917. I am of the opinion that under the facts stated the plaintiff in this case was not engaged "in carrying on any trade or business" for the year 1927.

■ But it is not necessary to rest the ruling in this case wholly upon the proposition that the plaintiff has not brought herself within the clause that she was not "carrying on a trade or business." The ruling may be placed upon the more substantial ground that the expense for brokerage fees is not an "ordinary" expense within the meaning of the section under consideration. The question of whether or not brokerage fees paid in the negotiation of long-term leases constitute an ordinary expense "in carrying on any trade or business" has been the subject of frequent consideration by the Board of Tax Appeals with considerable conflict of holding. However, in the case of Bonwit Teller & Co. v. Commissioner, 53 F.(2d) 381, the Court of Appeals of the Second Circuit has held that the fees paid a broker for negotiating a long-term lease on behalf of the taxpayer as lessor was an investment of capital and not a business expense. The words "ordinary expense" would seem to imply that the expense was an annual or at least a periodical or recurrent expense growing out of the conduct of a business as opposed to an expense which is extraordinary and infrequent. By incurring the extraordinary expense for the negotiation of the lease, the plaintiff received in return something having a value which would extend over a period of years. I am inclined to follow and to base the ruling upon the holding of the court in the case of Bonwit Teller & Co. v. Commissioner, supra.

■ The evidence which was received subject to the objection of the government is excluded from consideration in arriving at the conclusion above stated, and the objections of the government to its reception will be sustained. It is not permissible to look to later events to ascertain whether the asset which the plaintiff received in exchange for the broker's commission was valuable. The proper treatment of the broker's commissions must be determined in the light of the facts and circumstances known in the taxable year of 1927.

The court finds the issues in favor of the defendant, and judgment will be entered accordingly.