[Civil No. 4448. Filed February 16, 1942.]

[122 Pac. (2d) 212.]

ARIZONA STATE TAX COMMISSION, Appellant,
v. DIXON FAGERBERG, Appellee.

Mr. Joe Conway, Attorney General, and Mr. Edward P. Cline, Assistant Attorney General, for Appellant.

Messrs. Byrne & McDaniel and Mr. Palmer C. Byrne, for Appellee.

ROSS, J.—The taxpayer, Dixon Fagerberg, and the State Tax Commission could not agree as to whether certain expenditures of the taxpayer were deductible as loss for the years 1937 and 1938 from the taxpayer's income under The Income Tax Act of 1933 and amendments thereto. Chap. 8, First Special Session 1933; §§ 73-1501 to 73-1551, Ariz. Code 1939.

In 1932 the taxpayer, who was a member of the board of directors of the Phoenix Flour Mills Company, a corporation, together with another director thereof, used the funds of the corporation, without its consent, to speculate in wheat and as a result on June 1, 1932, the corporation had sustained a loss of $110,180.57. Thereafter the corporation sued the taxpayer in the Superior Court of Yavapai County for conversion and in September, 1937, recovered judgment against him for the sum of $55,090.28, interest and costs (*Fagerberg* v. *Phoenix Flour Mills Company,* 50 Ariz. 227, 71 Pac. (2d) 1022), totaling $62,078.96, which he paid during 1937. In his income tax returns for 1937 he deducted a part of this sum from his income, and likewise in 1938, and the question is his right to do so.

Subsequent to the filing of the returns the tax commission disallowed such deductions and levied additional assessments for the years 1937 and 1938 in the amounts of $1,087.73 and $509.63, respectively, plus interest. After a hearing the additional assessments were affirmed.

Thereupon the taxpayer appealed to the Superior Court of Yavapai County. That court found the additional assessments to be illegal and directed the tax commission to cancel such assessments and to make no claim for income for 1937 and 1938, although the taxpayer's income for such years was, respectively, $29,004.58 and $16,158.49.

The tax commission has appealed and questions the correctness of the judgment. There is no dispute as to the facts; the question is purely one of law.

■ It was contended by the tax commission at the hearing before it that the loss the corporation sustained occurred in 1932, before we had an income tax law, and that therefore under no conditions could it be claimed as deductible. In this contention the tax commission was in error. The loss, under the decisions, is regarded as having occurred at the time the corporation obtained a final judgment against the taxpayer. *Lucas* v. *American Code Co.*, 280 U. S. 445, 50 Sup. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010; *Brown* v. *Helvering*, 291 U. S. 193, 54 Sup. Ct. 356, 78 L. Ed. 725.

However, at the hearing in the superior court and on this appeal the attorney general relies on this proposition of law:

"The return or repayment of money that has been converted, by the person so converting, does not constitute a loss but is merely the repayment of money had and received. It is nothing more than the payment of a debt arising out of a *quasi* or constructive contract. The return of money borrowed, legally or

illegally, cannot be regarded as a loss for any purpose, either from a legal or moral standpoint.''

Whether this proposition is correct or not depends upon the statute. The allowable deductions from income common to all taxpayers are enumerated in section 73–1510, Arizona Code 1939, and are: (a) Payments for wages, etc., for services in "the business, profession or occupation"; (b) other ordinary and necessary expenses "of the business, profession or occupation"; (c) depreciation of property from which the income is derived; (e) taxes; (f) dividends of certain kinds; (g) contributions to charity, etc., and

''(d) Losses actually sustained within the year and not compensated by insurance or otherwise; provided, that no deductions shall be allowed for loss resulting from the operation of business conducted or the ownership of property located without the state, nor on the sale of property purchased and held for pleasure or recreation and not acquired or used for profit, but this proviso shall not be construed to exclude losses due to theft or to the destruction of property by fire, flood or other casualty. No deduction shall be allowed under this subsection for loss sustained in disposition of shares of stock or of securities where it appears that within thirty (30) days before or after the date of such disposition the taxpayer acquired (otherwise than by bequest or inheritance) or entered into a contract or option to acquire substantially identical property, and the property so acquired was held by the taxpayer for any period after such disposition.''

The taxpayer would construe the provisions of subsection (d) as covering all losses actually sustained by the taxpayer and not compensated by insurance or otherwise. If we look only to such subsection, disconnected from other parts of the law, this construction is not unreasonable, but that is not the

proper rule. In construing a statute we should look at it as a whole. Section 73–1513 reads:

"*Deduction of losses.*—If a taxpayer in any year subsequent to the year 1933 sustains a net business loss, such loss may be offset against the net business income of the subsequent year. For the purposes of this section, net business income shall consist of all income attributable to the operation of a trade or business regularly carried on by the taxpayer, less the allowable deduction for business expenses."

Under this section, losses that may be deducted from the taxpayer's income must be "attributable to the operation of a trade or business regularly carried on by the taxpayer." The business or trade of the taxpayer in this instance is given as that of "investment securities." Whatever this phrase may mean, it certainly does not cover the use of corporate funds by a director, without the corporation's consent, to speculate in the future wheat market. It is not suggested that such a transaction was within the business or trade of investing money in securities. The text on losses that are allowable and those that are not is stated as follows:

"A taxpayer who sustains a net loss in one tax year in which his allowable deductions exceed his taxable income for that year, may, under the provisions of some income tax laws, be permitted to carry such net loss over to a succeeding tax year under certain conditions and to use it as a deduction in the succeeding year. However, since income taxes are usually computed on the basis of an annual accounting of the gains and losses for that year, a taxpayer who seeks an allowance for losses suffered in an earlier year must be able to point to a specific provision of the statute permitting the deduction, and must bring himself within its terms.

"Occasional or isolated transactions are not sufficient to constitute a 'trade or business regularly carried on by the taxpayer,' under a statutory provision

requiring that the net loss be 'attributable to the operation of a trade or business regularly carried on by the taxpayer,' in order to be carried over and deducted in a succeeding year. And since a corporation is usually regarded as a distinct entity for income tax purposes, losses sustained by individual taxpayers as directors, officers or stockholders of a corporation are not ordinarily 'attributable to the operation of a trade or business regularly carried on by the taxpayer' so as to be deductible by them in a succeeding year under such ، a provision.'' 27 Am. Jur. 427, § 214.

While this statement of the law has particular reference to the federal income tax act, the similarity of such act with ours is sufficient, we think, to make the decisions of the United States courts very persuasive as to how our act should be construed. Both laws refer to income from trade, business or profession, in settings that require the same interpretation.

In *McGinn* v. *Commissioner of Internal Revenue,* (9 Cir.) 76 Fed. (2d) 680, 99 A. L. R. 564, the court stated the question for decision to be:

''The sole question involved is whether or not the petitioner, who paid a judgment for $37,508 in the year 1923, is entitled to carry over a portion of the said loss as a deductible loss in the next two fiscal years.''

The facts were that McGinn as a director of a bank participated in a distribution of the assets of the bank which was unlawful and as a result thereof judgment was given against him and in favor of the receiver of the bank for $37,508, which he paid. McGinn's claim of right to offset such loss against his income tax was disallowed. The court, after citing several Supreme Court cases, succinctly puts its decision in these words:

'' . . . These cases establish the proposition that a loss incurred by an officer of a corporation in conduct-

ing the business of the corporation is not a loss of the officer incurred in a business regularly carried on by the officer for the reason that the occupation of being an officer of a corporation is not a business distinct from that of the corporation by which he is employed within the meaning of section 204 (a), *supra*.

"In the case at bar petitioner suffered loss by reason of his conduct as an officer of a corporation. The loss occurred because as such officer of the bank he disposed of the property of the bank in violation of the law and was compelled to reimburse the bank for the loss."

The essential facts in that and the present case are the same.

▇ The taxpayer refers to Article 533 of the tax commission's regulations and contends that under it he is entitled to offset what he paid the Phoenix Flour Mills Company against his income for 1937 and 1938. Such article reads, so far as material:

*"Damages paid.* Payments required to be made for damages growing out of the operation of the business, such as injury to property, interference with property rights, breach of contract, and libel are deductible from gross income. . . . "

But the taxpayer's loss was not the result of "the operation of the (taxpayer's) business."

The judgment of the lower court is reversed and the cause remanded with directions that the claim of loss by the taxpayer be disallowed as against his net income for 1937 and 1938.

LOCKWOOD and McALISTER, JJ., concur.