**PEERLESS STAGES, Inc., v. COMMIS-
SIONER OF INTERNAL REVE-
NUE.**

**No. 9891.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 17, 1942.

Clyde C. Sherwood and John V. Lewis,
both of San Francisco, Cal., for petition-
er.

Samuel O. Clark, Jr., Asst. Atty. Gen.,
and J. L. Monarch, Harry Marselli, and

Lee A. Jackson, Sp. Assts. to the Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals. The Commissioner of Internal Revenue determined against petitioner income and excess profits tax deficiencies for the year 1936 of $25,289.85 and $9,609.39, respectively. The Board of Tax Appeals upheld the Commissioner and petitioner appeals. The single question involved is whether losses sustained by petitioner in operating a bus route from 1931 through 1935 can be capitalized and used as a basis for computing the gain derived from the sale of the route in 1936, or whether the losses represent ordinary business expenses which must be deducted in the year the loss is sustained.[1]

Since 1923 petitioner, a California corporation, has operated an intercity bus transportation service between Oakland, San Jose, Palo Alto and Santa Cruz. Prior to 1931, the area between Oakland and Hayward was sparsely settled and petitioner did not operate a purely local service route for this area. In 1931 petitioner considered two alternative plans for providing the Oakland-Hayward area with a local service route in addition to the existing intercity service. One plan designated the "skeleton service plan" would provide a local service route with just enough busses to meet the demands of the existing population. The other plan designated the "extra frequency service" provided for a fast service at 20 minute intervals. This latter plan was adopted in 1931, although petitioner realized that losses would probably result for some time. The reason for using more busses and for giving more frequent service than was needed to meet the demand, was to encourage people to settle in the area so that in the future petitioner would have developed a profitable business. In 1934 petitioner instituted an additional local service route between Oakland and Hayward by way of Castro Valley and San Lorenzo. These routes were coordinated with and

---

[1] Revenue Act of 1936, c. 690, 49 Stat. 1648:

"§ 23. Deductions from Gross Income

"In computing net income there shall be allowed as deductions:

"(a) **Expenses.** All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."
26 U.S.C.A.Int.Rev.Acts, page 827.

"§ 43. Period for Which Deductions and Credits Taken

"The deductions and credits (other than the dividends paid credit provided in section 27) provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period."
26 U.S.C.A.Int.Rev.Acts, page 839.

"§ 111. Determination of Amount of, and Recognition of, Gain or Loss

"(a) **Computation of gain or loss.** The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b) for determining gain, * * *." 26 U.S. C.A.Int.Rev.Acts, page 854.

"§ 113. Adjusted Basis for Determining Gain or Loss

"(a) **Basis (unadjusted) of property.** The basis of property shall be the cost of such property; except that—

*      *      *      *      *      *

"(b) **Adjusted basis.** The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

"(1) **General rule.** Proper adjustment in respect of the property shall in all cases be made—

"(A) for expenditures, receipts, losses, or other items, properly chargeable to capital account, including taxes and other carrying charges on unimproved and unproductive real property, but no such adjustment shall be made for taxes or other carrying charges for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years; * * *."
26 U.S.C.A.Int.Rev.Acts, pages 859, 865.

became a part of the Oakland-Hayward local service route.

Each year from 1931 through 1935 this local service route was operated at a loss, the aggregate amount totaling $119,705.58. On its income tax returns for 1931-34 petitioner treated these losses as ordinary business expenses and deducted them from its current income for each year. In 1935 petitioner's directors contemplated abandoning the local service route to another transportation company, began negotiating with it a contract for the transfer, and, on January 14, 1936, entered into such a contract for a consideration of $216,540.-32.[2] Thereafter, on May 21, 1936, petitioner filed amended returns for the years 1931-34, and on these amended returns and on the return for 1935, the losses from operating the local service route were treated as having been capitalized and no deductions taken for them as current business expenses. After the sale of the local service route was completed in 1936, petitioner in its income tax return for that year reported the capital gain resulting from the sale as being $92,334.72. This sum was obtained by including the losses of $119,705.58 as part of the cost of the routes. The Commissioner of Internal Revenue and the Board of Tax Appeals held that these losses could not be capitalized as they resulted from current business expenses, and determined the deficiencies in income and excess stated above.

■ To constitute invested capital there must be a laying out of money and the acquirement of something purposed to be of permanent use or value in the business. Gauley Mountain Coal Co. v. Commissioner, 4 Cir., 23 F.2d 574, 576; Duffy v. Central R. Co., 268 U.S. 55, 63, 45 S.Ct. 429, 69 L.Ed. 846; Houston Natural Gas Corporation v. Commissioner, 4 Cir., 90 F.2d 814, 816. Where money is expended merely for the purpose of maintaining an existing asset the expenditure constitutes a current business expense, but where money is spent to increase an asset such expenditure constitutes a capital investment. In several cases involving money spent by newspapers to increase circulation, the courts have held that the circulation structure of a newspaper consti-

tuted an intangible asset in the nature of good will, and expenditures made with the purpose to increase the circulation constituted a capital investment. Public Opinion Publishing Co. v. Jensen, 8 Cir., 76 F.2d 494, 496; Meredith Publishing Co. v. Commissioner, 8 Cir., 64 F.2d 890, 891. This principle has been followed in other cases. In Liberty Insurance Bank v. Commissioner, 14 B.T.A. 1428, the court stated that expenditures made for novelty banks distributed for the purpose of obtaining new depositors were capital expenditures inasmuch as the expenditure was made for that purpose. In Caflisch Lumber Co. v. Commissioner, 20 B.T.A. 1223, the extension of railroad facilities by a lumber company were held to be capital expenditures when done for the purpose of making a new tract of timber accessible. In Houston Natural Gas Corporation, v. Commissioner, supra, the court held that expenditures made in providing gas lines to new customers for the purpose of inducing these customers to buy gas, constituted a capital expenditure. These cases establish two important propositions. One, that the established customers of a business constitute an asset in the nature of good will and, second, that expenditures made for the purpose of acquiring new customers constitute capital expenditures.

■ Petitioner contends that its position is analogous to the cases cited above in that those expenditures, which represented the losses made in the operation of the local service route, were made for the purpose of acquiring new customers and were therefore capital expenditures; only those expenditures not exceeding the revenue for each year were made to maintain and serve existing customers. From this it is clearly seen that whether the expenditures were capital investments depends upon the purpose for which the expenditures were made. Purpose then becomes the controlling question, and this is solely a question of fact to be determined by the Board of Tax Appeals after reviewing the available evidence.

■ The Board found that the expenditures in question constituted current business expenses and not capital expenditures. In determining what purpose petitioner had in making the expenditures the

[2] The consideration was $180,000 plus $30,000 as reimbursement for petitioner's local service operating deficit from April 1 to December 31, 1935, and a sum equal to petitioner's local service operating deficit from January 1, 1936, to the date of actual abandonment of the local service.

Board had before it contradictory evidence. It had the evidence that petitioner originally treated the expenditures as current business expenses on its books, and that these book entries were made by a director of the corporation, and that the corporation took the benefit of the expenditures as deductions of current maintenance expense in tax returns made immediately after the tax years in which they were made. From this evidence the Board would be justified in inferring that petitioner did not have as a purpose in making the expenditures the acquisition of a permanent asset. In weighing the evidence the Board could disbelieve the other evidence of the later amended accounts of the petitioner and of testimony of an intent to capitalize the expenditures.

In view of this holding it is unnecessary to discuss the Government's contention that there was no sale of the petitioner's local service bus business, within section 113 of the Revenue Act of 1936.

Affirmed.