191 P.2d 729

**ARIZONA STATE TAX COMMISSION v. KIECKHEFER.**

No. 4975.

Supreme Court of Arizona.

March 29, 1948.

John L. Sullivan, Atty. Gen., and Burr Sutter, William P. Mahoney, and Charles D. McCarty, Asst. Attys. Gen., for appellant.

Morgan & Locklear, of Prescott, for appellee.

UDALL, Justice.

After field investigation had been made, the Director of Income Tax Division levied

a state income tax of $750.28 against John W. Kieckhefer, appellee, for the year 1944. The latter, being aggrieved by the assessment, applied for and was granted a hearing before the Arizona State Tax Commission, appellant, and the assessment levied was thereupon affirmed. From this order appellee appealed to the Superior Court of Yavapai County, which court reversed the decision of the Commission. The latter now appeals from that judgment.

While the individual income tax return filed by appellee for the year 1944 showed receipts of salaries $82,820.08 (one half of which was accounted for on his wife's separate return) and dividends of $113,-827.80, there was a deficit reported in the net taxable income of $14,625.09, due principally to a claimed net loss on his K-Four Ranch and farm operations of $108,406, thus leaving no tax payable to the State of Arizona. The Commission disallowed but one item, which appeared under the general schedule of ranch and farm operations: "Preparation of Fields—Leveling, grading, etc. $38,157.59" on the ground that it was a capital expenditure.

The property involved herein, which lies north and west of Paulden, Yavapai County, Arizona, was acquired by appellee in the year 1941, at which time some 200 acres were under cultivation, and appellee continued to cultivate this acreage during the years 1942 and 1943. To provide a more efficient operating condition for the growing of crops this extensive program was undertaken in 1944. The Commission allowed appellee, as deductible expense items (other than the $38,157.59 in question), "fertilizer $5,962.60", and "repairs, fences, buildings, wells, etc. $3,660.28".

The statute providing for a court review of assessments levied by the Commission states that the hearing shall be had in the superior court of the county where the taxpayer resides "upon the record made before the commission and not otherwise." Section 73-1540(f), A.C.A.1939. As the point is not being raised it is unnecessary and would be improper for this court now to determine the nature of this court review; i.e., whether or not there is to be an actual trial de novo.

The reporter who took the testimony adduced at the hearing before the Commission was unable to transcribe the notes so no transcript of the proceedings was available to the trial court, nor was any agreed statement of facts filed in lieu thereof, and no evidence was there taken. The trial court determined the case upon the "documents, papers, * * * statements and exhibits" (section 73-1540(c) ) submitted to the Commission and by them certified up to the court. The recitation in the judgment that "the cause was submitted upon the uncontroverted statements of fact contained in the briefs of the parties" is partially incorrect in that an examination of the briefs and the answer shows that the Commission at all times denied that the item of $38,157.59 for leveling, grading,

etc. (for which deduction is claimed) was an ordinary and necessary expenditure of business; on the contrary it vigorously maintained throughout that on the face of the return it was shown as a matter of fact to be a capital expenditure. Furthermore an issue was flatly raised as to when the erosion which required this expenditure occurred. Also remaining in dispute was the question as to whether there was a reconstruction of old land "borders" or a completely new construction thereof. The appellee cannot therefore invoke the rule that a determination of the lower court will not be disturbed on appeal where there is substantial evidence to support the judgment.

The presumption is that an additional assessment of income tax is correct and the burden is on the taxpayer to overcome such presumption. Public Opinion Publishing Co. v. Jensen, 8 Cir., 76 F.2d 494; Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379; Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184.

The principal question on this appeal, which is raised by general assignments of error that the judgment rendered is contrary to the law and the facts, is whether or not such expenditures, for extensive improvement of farm land so as to increase its productivity, are expenditures which must be capitalized, or ordinary and necessary business expenses which may be deducted under the Arizona Income Tax Act of 1933 (article 15, chapter 73, A.C.A.1939).

A determination of the question involves an interpretation of section 73-1510(b), A.C.A.1939, which reads as follows:

"Deductions — All Taxpayers. — Every taxpayer, in reporting income for purposes of taxation, shall be entitled to the following deductions:

"(a) * * *

"(b) Other ordinary and necessary expenses actually paid within the year in the maintenance and operation of the business, profession or occupation from which the income was derived."

and an application of Regulation 550 (adopted by the Commission under authority granted it by section 73-1505(a), A.C.A. 1939).

"Repairs.—The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinary efficient operating condition, are proper deductions in the computation of taxable income. Such repairs should not be added to the book value of the property or plant accounts. Repairs in the nature of renewals, replacements, additions or betterments, which appreciably prolong the life of the property or materially arrest deterioration, should be capitalized by charges to the property or plant account. The extent to which charges for repairs and maintenance retard deterioration should be considered in determining rates to be used in calculating the charge for depreciation."

■ In computing net income certain expenses may be deducted from gross income but, "* * * The right to deduct expenses does not exist in the absence of statutory authorization, and the taxpayer will not be permitted to deduct as expenses items which are not shown to be expenditures within the terms of the statute. * * *" 47 C.J.S., Internal Revenue, § 253.

■ Can it be fairly said, in the light of the quoted regulation, that this large expenditure of $190 per acre was an ordinary expenditure and did not constitute an addition or betterment which appreciably prolongs the life (period of profitable cultivation) of the property and materially arrests deterioration (erosion)? According to commonly accepted meaning: "* * * The words 'ordinary expense' would seem to imply that the expense was an annual or at least a periodical or recurrent expense growing out of the conduct of a business as opposed to an expense which is extraordinary and infrequent. * * *" Stacey v. United States, D.C., 60 F.2d 1061, 1062.

As was said by the Supreme Court of the United States in Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 9, 78 L.Ed. 212:

"* * * Here, indeed, as so often in other branches of the law, the decisive distinctions are those of degree and not of kind. One struggles in vain for any verbal formula that will supply a ready touchstone. The standard set up by the statute is not a rule of law; it is rather a way of life. Life in all its fullness must supply the answer to the riddle.

"The Commissioner of Internal Revenue resorted to that standard in assessing the petitioner's income, and found that the payments in controversy came closer to capital outlays than to ordinary and necessary expenses in the operation of a business. His ruling has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong. Wickwire v. Reinecke, 275 U.S. 101, 48 S. Ct. 43, 72 L.Ed. 184; Jones v. Commissioner of Internal Revenue, 7 Cir., 38 F.2d 550, 552. Unless we can say from facts within our knowledge that these are ordinary and necessary expenses according to the ways of conduct and the forms of speech prevailing in the business world, the tax must be confirmed."

■ We must determine how the phrase "ordinary and necessary expenses", as used in the statute, is to be construed, whether disjunctively or conjunctively. While we have no quarrel with the conclusion reached in the case of Arizona State Tax Commission v. Phelps Dodge Corp., 53 Ariz. 252, 88 P.2d 79, 121 A.L.R. 1458, unfortunately this opinion quotes with approval a statement from the case of A. Harris & Co. v. Lucas, 5 Cir., 48 F.2d 187, to the effect that an expense of a business to be deductible need not be both "ordinary" and "necessary", thus construing the phrase disjunctively. The Board of Tax Appeals and the federal courts consider that Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78

L.Ed. 212 (also cited in the Phelps Dodge Corp. case, supra), which construes the phrase conjunctively, overrules the Lucas case, supra. See Annotation appearing 84 L.Ed. 427, 47 C.J.S., Internal Revenue, § 254(c); 27 Am.Jur., Income Tax, section 95. See also Deputy v. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416.

We are of the opinion (any statement in Phelps Dodge Corp., supra, to the contrary notwithstanding) that the sounder and better rule is that now followed by the Board of Tax Appeals and the federal courts.

"The Treasury Department early took and has consistently adhered to the stand that if an expense is to constitute an allowable deduction, it must meet three tests, namely, (1) the expenditure must be for an expense in connection with the maintenance and operation of the taxpayer's business or business properties, (2) it must be an ordinary expense, and (3) it must be a necessary expense. It has been properly held that not one or two of these qualifications will entitle the taxpayer to deduct the expenditure; all three must be present." Klein on Federal Income Taxation, p. 394.

See Seufert Bros. Co. v. Lucas, 9 Cir., 44 F.2d 528.

In reaching this conclusion we are but following the pronouncement made by us in State Tax Commission v. Fagerberg, 59 Ariz. 29, 122 P.2d 212, to the effect that decisions of the United States courts construing the federal income tax act are very persuasive in construing our income tax law, which is similar to the federal enactment.

The following federal case furnishes a good dissertation on what is meant by the word "ordinary" in tax statutes: "* * * Ordinary has the connotation of normal, usual, or customary. To be sure, an expense may be ordinary though it happen but once in the taxpayer's lifetime. Cf. Kornhauser v. United States [276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505], supra. Yet the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved. Welch v. Helvering, supra, 290 U.S. at page 114, 54 S.Ct. at page 9, 78 L.Ed. 212. Hence, the fact that a particular expense would be an ordinary or common one in the course of one business and so deductible under § 23 (a) does not necessarily make it such in connection with another business. * * *" Deputy v. Du Pont, supra [308 U.S. 488, 60 S.Ct. 367].

It is conceded that expenditures made for the purpose of placing raw land under cultivation should be treated as capital expenditures, but appellee would have us here indulge in the presumption (as there is no evidence to support it) that in this case the land had been in cultivation for many years and had been properly graded and leveled at the time it was placed under cultivation. Even assuming this to be true, what justification from a taxing standpoint is there for the large outlay here expended (probably nearly equal to the value of farming

land in that area), which includes an item of engineering of $3,973.09.

Doubtless a part of the expenditure of $38,157.59, such as plowing, etc., for which deduction is here claimed, might have been justified had there been evidence showing the separate cost thereof, but because appellee failed to furnish an itemized statement of expenses no segregation or classification can now be made, the rule being that deductions for repairs or ordinary expenses cannot be allowed where the items are not segregated from capital items. Appeal of J. H. Sanford, 2 B.T.A. 181. It is rather significant that the tax return of appellee does not show a dollar of income from the farm operations even though $4,069.12 was also deducted for purchase of seed during this taxable year.

The case most nearly in point with the case at bar is Appeal of J. H. Sanford, supra, from which we quote the following:

"J. H. Sanford, the taxpayer herein, owns and operates a dairy farm of 164 acres adjacent to the City of Pittsburg * * *.

"* * * All of the land thus purchased was in a run-down and wornout condition. The taxpayer, starting with the year 1919, expended annually large sums of money in preparing the soil for cultivation and in rebuilding it. He employed experts to direct and supervise the work and followed generally the most improved agricultural methods. The surface was cleared of trees and brush. The ground was plowed and cultivated and seeded first to crops to be plowed under to enrich the soil. The evidence discloses that the value of the marketable crops produced during the years in question was extremely low. * * *

"As soon as the farm produced sufficient feed, the taxpayer purchased high-grade dairy cattle and commenced his dairying operations. * * *

"No proof was offered as to the total amount of the expenditures or the classification of the different expenditures. The taxpayer keeps a complete set of books, but they were not produced at the hearing. It appears that the items sought to be deducted were largely expended for labor, which labor was employed in the work incident to the rebuilding of the soil, and that in many instances there was no effort made to produce a marketable crop during the first three years of cultivation. Such expenditures were not made to produce a crop but were made in the preparation and upbuilding of the land for future crop production.

* * * * * *

"Decision

"The determination of the Commissioner is approved.

"Opinion

"Green: The taxpayer has included in his deductions items which are capital expenditures, as, for example, amounts expended in removing trees and brush from land which was not seeded to a marketable crop in the same year in which it was cleared. Such expenditures are comparable to the expenditures incident to the plant-

ing of an orchard which will not come into bearing for six years. These expenditures are preparatory for the actual operations for profit and are not at all the same as the current annual operating expenses."

While the expenditures here involved might have been "necessary" to a full utilization of appellee's property, we believe that they were preparatory to later operations for profit and are entirely dissimilar to current annual operating expense. The item in question clearly falls within the definition of capital expenditures and cannot be classified as ordinary and necessary business expense. The order of the Commission levying the assessment was in all respects correct, and the trial court was in error in declaring it to be illegal and void.

Judgment reversed.

STANFORD, C. J., and LA PRADE, J., concur.