BENEFICIAL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29715.   Promulgated May 23, 1952.

*Jackson R. Collins, Esq.*, for the petitioner.
*Charles J. Hickey, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* Respondent has determined a deficiency of $10,783.29 in petitioner's income tax for 1946. The sole question in issue is whether amounts paid to petitioner in that year by its subsidiary corporations with whom it filed a consolidated return for 1945 constituted taxable dividends to the extent that they exceeded the tax liabilities properly allocable to the subsidiaries in the consolidated return. The facts are found as stipulated.

Petitioner is a Delaware corporation with its principal office located at Wilmington, Delaware. Its return for the year involved was filed with the collector at Wilmington.

Petitioner was formed by a merger on October 31, 1945, of two other corporations, Beneficial Loan Society and Bankers National Investing Corporation. Beneficial Loan Society had three wholly owned subsidiary corporations, Reading Street Railway Company, Reading Traction Company, and Peoples Bank and Trust Company, with which it filed consolidated income and excess profits tax returns for the fiscal year ended January 31, 1945, and for the period February 1, 1945, to October 31, 1945, the date of the above-mentioned merger. The other merging corporation, Bankers National Investing Corporation, owned the majority stock of other subsidiary corporations among which were Southern Trust Company and Petersburg Transit Company.

For the calendar year 1945 petitioner filed a consolidated income and excess profits tax return in which it reported the operations of Bankers National Investing Corporation and that corporation's two above-named subsidiaries for the period January 1 to October 31, 1945, and the operations of itself and its five subsidiary corporations for the period following the merger, November 1, 1945, to December 31, 1945.

The subsidiaries consented to the filing of the consolidated returns, as evidenced by identical corporate resolutions adopted by Reading Street Railway Company, Reading Traction Company, and Peoples Bank and Trust Company, in May and June 1944, reading in part as follows:

RESOLVED: That (1) the proper officers of this Corporation, from time to time, hereby are authorized to execute and deliver Consents and to take such other action as may be required for the filing of this Corporation's Federal tax returns in consolidation with its parent company and other affiliates, and (2) the Treasurer of this Corporation is hereby authorized to provide reserves for Federal taxes on the books of this Corporation, out of earnings, in the amount calculated to be payable by this Corporation on a separate return

basis and to remit funds to the parent company in discharge of this Corporation's Federal taxes, provided, however, that in no event shall the amount of funds remitted exceed the amount of Federal tax reserves provided on the books of the Corporation as herein authorized.

The following amounts of taxes due on the returns filed by Beneficial Loan Society and petitioner for the period shown were paid during 1946:

| Taxpayer | Taxable period ended | | | Total |
|---|---|---|---|---|
| | 1-31-45 | 10-31-45 | 12-31-45 | |
| Beneficial Loan Society | *$4,223.74 | $22,363.79 | | $26,587.53 |
| Beneficial Corporation (petitioner) | | | $33,195.29 | 33,195.29 |
| Total tax paid on income returned in 1945 | | | | $59,782.82 |

*Last installment.

During the first six months of 1946 petitioner received from its five subsidiaries the following amounts which it credited to a surplus reserve account entitled "Federal Tax Reserve":

|  | Paid by subsidiaries to petitioner |
|---|---|
| Reading Street Railway Co | $138,810.84 |
| Reading Traction Co | 13,122.61 |
| Petersburg Transit Co | 34,566.33 |
| Southern Trust Co | 2,205.30 |
| Peoples Bank & Trust Co | 96.85 |
| Total | $188,801.93 |

None of this amount of $188,801.93 was ever returned to the subsidiaries. On June 30, 1946, petitioner's treasurer transferred $277,046.49 from its Federal tax reserve account to its surplus account.

At all times during 1946 the above-named subsidiary corporations had earnings and profits accumulated after February 28, 1913, in excess of their portions of the $188,801.93 paid to petitioner in that year.

Petitioner and its subsidiary companies at all times here material kept their books and made their returns on an accrual basis.

Respondent determined in his deficiency notice that petitioner received taxable dividends from its subsidiaries in 1946 in the amount of $169,585.99 representing the difference between the tax allocable to them in the consolidated return and the amounts which they paid to petitioner, as follows:

| Subsidiary | Consolidated tax allocable to subsidiaries (affiliates) for taxable years ended in 1945 | Payments made by subsidiaries (affiliates) to petitioner | Excess |
|---|---|---|---|
| Peoples Bank and Trust Company | $367. 25 | $96. 85 | ($270. 40) |
| Reading Traction Company | 2, 788. 57 | 13, 122. 61 | 10, 334. 04 |
| Reading Street Railway Company | 13, 205. 33 | 138, 810. 84 | 125, 605. 51 |
| Petersburg Transit Company | 2, 390. 06 | 34, 566. 33 | 32, 176. 27 |
| Southern Trust Company | 464. 73 | 2, 205. 30 | 1, 740. 57 |
| Totals | $19, 215. 94 | $188, 801. 93 | $169, 585. 99 |

Petitioner alleges in its petition that the dividend payments of $169,585.99 determined in the deficiency notice "represent intercompany transactions properly eliminated, for consolidated income tax purposes, in consolidated income tax return for the period ended December 31, 1945 of the petitioner." In its brief petitioner argues that the payments which it received from its subsidiaries were "debt obligations," rather than dividends, growing out of the subsidiaries' agreement to pay to petitioner the amount of the tax they would have had to pay if separate returns had been filed.

A dividend is defined in section 115 (a), Internal Revenue Code, as—

\* \* \* any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made. \* \* \*

This definition is obviously broad enough to cover the payments in dispute. Even if the payments had been made in discharge of a binding contractual obligation on the part of the subsidiaries, which the evidence fails to show, we think; this could not prevent them from being dividends. Dividends are often paid pursuant to enforceable contractual obligations. Under the statute they are nevertheless dividends if they are distributions out of accumulated surplus or current earnings. The distribution by a subsidiary corporation of its allocable portion of the tax due on a consolidated return would, of course, not be called a "distribution" to the parent company nor does the respondent so contend. His determination is that only the excess of the payments which the subsidiaries made to the parent company over the portion of the taxes due on the consolidated return properly allocable to them was a dividend distribution. We can see no error in this determination. Certainly, the payments to that extent were not for any benefits received by the subsidiaries.

Petitioner appears to take the position in its brief that in any event the transaction in question "accrued" in 1945 and cannot be taken into

account in petitioner's 1946 return. To quote from petitioner's reply brief, "These payments were 1945 accruals which were discharged in 1946 and which eliminated in the 1945 consolidated federal income tax return in any manner of correct accrual accounting for 1945." This contention is without merit. There is no question here of any accrual of either liabilities or income. The Commissioner's regulations (Regs. 111, sec. 29.115-1) specifically provide that—

A taxable distribution made by a corporation to its shareholders shall be included in the gross income of the distributees when the cash or other property is unqualifiedly made subject to the demands.

it has been held that this rule applies to all taxpayers, those reporting on an accrual basis as well as those on a cash basis. *Tar Products Corporation* v. *Commissioner*, 130 F. 2d 866; *American Light & Traction Co.*, 3 T. C. 1048, affd. 156 F. 2d 398.

According to the stipulated facts here, the subsidiaries "made payments to the petitioner" of the amounts in dispute during the first six months of 1946. There is no evidence that the funds were unqualifiedly made subject to petitioner's use or demands before 1946.

On the facts of record here we hold that the payments in question constituted taxable dividends to petitioner to the extent determined by the respondent.

*Decision will be entered for the respondent.*