318 So.2d 719

**STATE of Alabama**

v.

**WESTERN GRAIN COMPANY, a corp.**

**Civ. 525–Civ. 525B.**

Court of Civil Appeals of Alabama.

June 11, 1975.

Rehearing Denied July 23, 1975.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., Herbert I. Burson, Jr., Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for the State.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellee.

WRIGHT, Presiding Judge.

This is an appeal by the Department of Revenue from a decree of the Circuit Court of Jefferson County, which decree set aside an assessment of income taxes against Western Grain Company for the years 1964, 1965 and 1966. We reverse.

There are three cases, one for each tax year, which were consolidated for trial and this appeal. Substantially the same issues of law are involved here as were considered by this court in the recent case of *Standard Oil of Kentucky (Kyso) v. State,* 294 Ala. 3, 313 So.2d 532 (1975). Certiorari was denied by the Supreme Court on May 22, 1975, 294 Ala. ——, 313 So.2d 540. We find that disposition of this case is controlled by our decision in *Kyso* except for the issue of constitutionality which we will discuss later in this decision.

The facts giving rise to the dispute are as follows: Western Grain Company, hereafter called Western, is a foreign corporation doing business largely in Alabama. The parent corporation of Western is Diversa, Inc. For the years involved Western filed its state income tax return showing taxable income from all sources including that from business done in Ala-

bama. On such returns it deducted from taxable income the amount shown on its books as accrued federal income tax.

There is no dispute as to the correctness of the amount of taxable income or the amount shown as accrued federal income tax thereon.

The dispute involved arose solely over whether the amount shown by the books of Western as accrued federal income tax is deductible from taxable income in determining the income tax due the State.

The taxing authority of the State in this case is derived from Constitutional Amendment CCXII adopted December 10, 1963 which is as follows:

"State Tax on Net Income of Corporations.—The legislature shall have power to levy and provide for the collection of taxes for state purposes on net income of corporations, from whatever source derived, for the calendar year 1963, or for any fiscal year beginning in the calendar year 1963, and each year thereafter, at a rate not exceeding five percent. *However, all federal income taxes paid or accrued within the taxable year by corporations shall always be deductible in computing net income taxable under the income tax laws of this state, provided that in the case of foreign corporations the amount of federal income tax deductible shall be in proportion to income derived from sources within Alabama, to be determined in accordance with such laws as the legislature may enact."* (As proposed by Act 91, Laws, 1963, 2nd Spec.Sess., and adopted at the election of December 10, 1963.) (Emphasis supplied.)

Had Western filed an individual federal income tax return there would be no problem before us. It did not do so in fact. It joined with its parent corporation and other affiliated subsidiaries in filing a consolidated federal return under 26 U.S.C.A. §§ 1501–2. The procedure used by the Diversa group in filing such consolidated return may be succinctly described as follows: Each affiliated corporation prepared its statement of taxable income showing federal tax thereon as if it were filing a separate return. This statement was forwarded to the parent corporation together with a consent form for the filing on its behalf by the parent. The parent combined the income statements of the affiliated corporations and determined the tax due on the total. According to treasury regulations, if one or more affiliates have taxable income and others show losses, such income is offset by the losses and tax is paid on any remaining taxable income. Carry-over or carry-back privileges are permitted. The consolidation in this case resulted in loss of taxable income and thus no federal income tax was paid by the parent corporation.

By agreement between the parent, Diversa, and its affiliates, any corporation having taxable income and which would have had a federal income tax liability thereon if filing a separate return, paid the amount of such liability to the parent at the time it filed its income statement with the parent. After payment of the tax, if any, on the consolidated returns, such payment was disbursed to the affiliated corporations in ratio to their losses for the period, if any.

For the years involved, Western paid to the parent corporation the sum which it had calculated was due as tax on its taxable income as if filing a separate return. It showed this sum on its books as accrued tax. Western then claimed such sum as a deduction for paid or accrued federal income tax on its Alabama income tax return. The Department of Revenue denied such claim as a deduction, saying in effect that Western neither paid nor accrued any federal income tax due to it joining in the consolidated return. Final assessment was made by the State after contest by Western. Western paid the assessment and appealed to the Circuit Court of Jefferson County. That court set the assessment aside and ordered refund of the assessment. The State appeals here.

This court in the *Kyso* case held that amendment CCXII to the Alabama Constitution is to be construed in light of statutes and regulations relating to the same subject, i. e., Title 51, Sec. 402(13), Regulation 402.2, deductions of federal income taxes. We said,

" . . . . We interpret the phrase 'paid or accrued', to mean the amount paid from the parent to the IRS . . . To this court no federal income taxes were actually 'paid or accrued' by Kyso by the filing of an accounting statement with Socal."

We follow our construction of Amendment CCXII in *Kyso* in this case. Though Western, in bookeeping terms, accrued on its books a calculated federal income tax which it would have been due to pay had it not chosen to use the consolidated return, it, in fact, did not pay such sum to the Internal Revenue Service nor did it incur liability for such payment. Such tax in terms of actual liability to the taxing authority did not accrue. The several liability of the members of the affiliated group extends only to the tax due under the consolidated return. *IRS Reg.* Sec. 6(a) 1.1502.

Appellee quotes from Vol. 8A, *Mertens Law of Federal Income Taxation*, Sec. 46.-77, as follows:

"In computing separate taxable income of a member for use in the computation of consolidated taxable income under Regulation 1.1502–11 the starting point is a computation in accordance with the provsions for determining taxable income of separate corporations, with a number of specified exceptions."

This quotation was given in support of the proposition that each member of the group consolidated for report of income and payment of taxes is the taxpayer and the amount of tax computed on its own taxable income and shown as accrued thereon is tax imposed upon it by the United States. We cannot agree such is, in fact, the case. Of course, the beginning point of a consolidated return is the sum of the taxable income of each member. Such is the case in the consolidated or joint return of a husband and wife. The taxable income of a group cannot be computed without first determining the taxable income of each member thereof. Each member of the group is a reporting unit insofar as its taxable income is determined, and all are severally liable for the tax due under the consolidated return, but there is no liability incurred, paid or accrued by a member of the group according to its separate taxable income. Removal of such liability is one of several benefits derived from joining in a consolidated return.

We interpret the phrase "paid or accrued" contained in the constitutional amendment to mean actually paid or a liability to pay. When filing a consolidated return the tax which would have been paid or accrued by a member had it not joined the group is not determined nor is it necessary to be determined, except as required by the agreement between the parent and the members of the group. No such liability is ever incurred or accrued insofar as the taxing authority is concerned.

Western contends that the application of the amendment and regulations in such manner is discriminatory as to corporations who choose to join in consolidated returns and is constitutionally impermissible.

We are unable to perceive any discrimination. Every foreign corporation earning income in Alabama is taxed the same—upon taxable income after deduction of federal income taxes paid or accrued. The decision to join in a consolidated return for federal income taxes or file a separate return is that of the taxpayer. Filing a consolidated return is a privilege and results in a consolidated tax liability. 26 U.S. C.A. § 1501. If it benefits in relief from federal taxes it may cost in the amount of deductions permitted by the State. Such results in a penalty by choice of the taxpayer. It is not discrimination by the State.

We are cited to no case in point to the contrary.

On authority of *Kyso v. State* we reverse the judgment of the circuit court and render judgment in favor of the State.

Reversed and rendered.

BRADLEY and HOLMES, JJ., concur.