604 P.2d 1128

**ARIZONA DEPARTMENT OF REVENUE, Appellant,**

v.

**TRANSAMERICA TITLE INSURANCE COMPANY, a California Corporation; Transamerica Title Insurance Company of Arizona, an Arizona Corporation; and Transamerica Real Estate Tax Services, a California Corporation, Appellees.**

No. 14329–PR.

Supreme Court of Arizona, In Banc.

Dec. 11, 1979.

Bruce E. Babbitt, The Former Atty. Gen., John A. LaSota, Jr., The Former Atty. Gen., Robert K. Corbin, Atty. Gen. by Frank L. Migray, Asst. Atty. Gen., Phoenix, for appellant.

Lewis & Roca by John P. Frank, David R. Frazer and John C. Mason, Phoenix, for appellees.

HOLOHAN, Justice.

Appellees here are three subsidiaries of Transamerica Corporation within the meaning of federal income tax laws. During the tax years in question, appellees joined with the parent corporation in the filing of consolidated federal income tax returns pursuant to 26 U.S.C. §§ 1501–4. The subsidiaries computed their separate federal income tax return as though they were not members of an affiliated group. They forwarded to the parent this return and a check to the parent for the appropriate amount. The parent corporation did not file this separate return but, pursuant to federal law, filed a consolidated return as adjusted by any losses incurred by any of its subsidiaries. Due to these adjustments, the aggregate of the payments from the subsidiaries exceeded the consolidated tax liability for the tax years in question.

However, each subsidiary deducted from its separate Arizona tax return, as federal taxes paid or incurred, the amounts paid to the parent corporation. The Arizona Department of Revenue challenged this practice for the first time in 1974, contending that the allowable deduction was a proportionate share, calculated by the "net-to-net" method, of the federal income taxes actually paid to the federal government by the parent pursuant to its consolidated return. Appellees appealed to the Board of Tax Appeals which affirmed the Department and then to the superior court. The superior court ruled that the amounts paid to the parent were deductible as either "taxes paid or accrued" or "ordinary and necessary business expenses." The superior court also found that if the Department's position should prevail on appeal, appellees'should be allowed to deduct their share of the consolidated federal tax liability without reduction for foreign tax credits and investment tax credits. Upon appeal by the Department, the Court of Appeals stated, "Were there no factors separate and apart from the literal language of the statute to guide our decision in this case, we would be inclined toward the adoption of the interpretation urged by the Department of Revenue as constituting an interpretation that

more reasonably approaches the intent expressed in A.R.S. § 43–123(c)." (Footnote omitted.) The Court of Appeals, however, upheld the method used by appellees because the Department had not promulgated rules and regulations in this area. *Arizona Dept. of Revenue v. Transamerica*, 124 Ariz. 428, 604 P.2d 1139 (App.1979). We granted the petition of the state for review. The opinion of the Court of Appeals is vacated.

The issues on appeal are:

1. Is the amount properly deductible as federal income taxes "paid or accrued" the subsidiaries' proportionate share of the amount paid by the parent to the federal government or the amount paid by the subsidiaries to the parent as computed by their separate but unfiled return?

2. If not deductible as federal income taxes, is the proportionate share of the amount properly paid to the parent in excess of the consolidated tax liability deductible as an ordinary and necessary business expense or is it a dividend?

3. Was the issue of proper application of the foreign tax credit and investment tax credit properly raised at the trial court level?

4. If so, should the subsidiaries' deduction for federal income taxes "paid or accrued" be calculated before or after investment tax credits and foreign tax credits are taken?

As to the first issue, the relevant statute is former A.R.S. § 43–123(c) which read, in part:

"In computing net income there shall be allowed as a deduction taxes or licenses paid or accrued during the taxable year . . . . ."

Former A.R.S. § 43–101(n) provided that "paid or accrued" shall be construed according to the method of accounting upon which the net income is computed. A.R.S. § 43–131(a) stated that:

"The net income shall be computed . . . in accordance with the method of accounting regularly employed . . . but . . . if the method employed

does not reflect the proper income, the computation shall be made in accordance with such method as in the opinion of the tax commission does reflect the proper income."

Appellees contend that because they use the accrual method, an ordinary and standard method of accounting, taxes are "paid or accrued" on the date entered on the books of the company regardless of whether the sums "accrued" ever reach the coffers of the federal government. In support of this position, appellees cite *State v. Airesearch Manufacturing Co., Inc.,* 68 Ariz. 342, 206 P.2d 562 (1949) for the proposition that "If the deduction of federal income tax is made on an accrual basis, then 'paid' or 'actually paid' means that the federal income taxes are deemed to have been 'paid' on the date of accrual as entered on the books of the company." 68 Ariz. at 347, 206 P.2d 562.

However, the issue in *Airesearch* was whether the taxpayer was required to deduct its federal income taxes on a cash or accrual basis or whether it could choose which method to use. The court's holding turned on the tax commission's regulation on the subject. Also, apparently the federal income taxes in that case were actually paid to the Internal Revenue Service at some point in time. The issue in the present case is not determined by whether the taxpayer is on an accrual or cash basis. The issue is the amount of tax ultimately paid.

A tax is the enforced contribution of persons and property levied by the authority of the state. *Hunt v. Callaghan,* 32 Ariz. 235, 257 P. 648 (1927). The right to a deduction does not exist in the absence of statutory authorization, and a deduction will not be allowed for items not within the terms of the statute. *Arizona State Tax Commission v. Kieckhefer,* 67 Ariz. 102, 191 P.2d 729 (1948).

The precise issue presented, whether a subsidiary whose parent files a consolidated tax return can deduct as federal income taxes "paid or accrued" the amount forwarded to the parent, can arise at present only in five states, see 1 Prentice Hall, *State & Local Taxes* ¶ 230 (1977). However, Alabama, California, Kansas, Louisiana, Minnesota, Missouri, Utah and Wisconsin have ruled on substantially the same issue presented in this case. Five of these states have held that a subsidiary can deduct only its proportionate share of the federal income taxes actually paid by the parent. *State v. Western Grain Co.,* 55 Ala.App. 690, 318 So.2d 719, *writ denied* 294 Ala. 770, 318 So.2d 722 (1975), *appeal dismissed* 424 U.S. 960, 96 S.Ct. 1452, 47 L.Ed.2d 728 (1976); *Standard Oil Co. v. State,* 55 Ala.App. 103, 313 So.2d 532, *writ denied* 294 Ala. 770, 313 So.2d 540 (1975); *Continental Telephone Co. of Utah v. State Tax Commission,* 539 P.2d 447 (Utah 1975); *Trunkline Gas Co. v. Collector of Revenue,* 182 So.2d 674 (La.App.1965), *aff'd.,* 248 La. 1101, 184 So.2d 25 (1966); *Buick Motor Co. v. City of Milwaukee* 48 F.2d 801 (7th Cir.), *cert. denied* 284 U.S. 655, 52 S.Ct. 34, 76 L.Ed. 556 (1931); *Corp. of America v. Johnson,* 7 Cal.2d 295, 60 P.2d 417 (1936).

Two states have considered the reverse of the situation at hand. *Armco Steel Corp. v. State Tax Commission,* 580 S.W.2d 242 (Mo. 1979), and *Northern Natural Gas Co. v. Commissioner of Revenue,* 251 N.W.2d 125 (Minn.1977). The parent corporation in each of the cited cases required its subsidiaries to compute the tax due based on their income if filed separately and remit the amount to the parent. A consolidated return was filed, but the total consolidated income was reduced by losses suffered by some of the subsidiaries, and the consolidated tax due was reduced. The parent corporation took the difference between the federal tax actually paid and that sent by the subsidiaries and remitted the balance to the subsidiaries with losses in proportion to the amount that the subsidiaries' loss decreased the group's ultimate tax liability. The parent corporations sought to claim these payments as deductions for federal taxes paid. The Minnesota and Missouri supreme courts held the payments were not deductible. All of these cases interpreted statutory language similar to ours and rejected the argu-

ments asserted by appellees in the case at hand.

The Kansas Supreme Court, however, in *Cities Service Gas Co. v. McDonald*, 204 Kan. 705, 466 P.2d 277 (1970), rejected the arguments of the department of revenue and held that Cities Service Gas Company was entitled to take a deduction for federal income taxes accrued or incurred based on a separate return computation despite the fact that the company actually joined the parent in the filing of a consolidated federal income tax return. This decision, like the Court of Appeals decision in the case at bar, was based primarily on two factors: the Kansas director of revenue had not "seen fit" to promulgate a regulation instructing corporate taxpayers on the amount of the allowable deduction for consolidated federal returns, and the corporate taxpayer had claimed its federal income tax deduction in the same manner unchallenged since 1958.

■ Although these factors are present in the case at hand, we do not find them persuasive. As was stated in *Miami Copper Co. Division, Tennessee Corp. v. State Tax Commission*, 121 Ariz. 150, 589 P.2d 24 (App.1978), inaction by an administrative agency does not constitute a construction of the statute, favorable or otherwise.

An argument similar to appellees' regarding accrual was asserted in *Corp. of America v. Johnson*, 7 Cal.2d 295, 60 P.2d 417 (1936). California at that time allowed a deduction for federal income taxes accrued during the taxable year. While the subsidiary had substantial net income for the year in question, the affiliated group as a whole showed no consolidated taxable income. The California court held that the subsidiary did not accrue federal income tax liability.

■ We hold, as did the majority of these states, that the phrase "paid or accrued" means amounts paid from the parent to the federal government. This is in accord with general tax law that deems a tax accrued when all events have occurred which fix the amount of the tax. Mertens, *Law of Federal Income Taxation*, Vol. 2 § 12.60. Appellees' actual tax liability is not fixed until the consolidated return in which the amount the federal government actually will receive is determined has been prepared.

Bittker and Eustice, *Federal Income Taxation of Corporations and Shareholders* § 15.23 (4th ed. 1979) states that the basic concept underlying the Internal Revenue Code provisions allowing a consolidated federal income tax return is:

"[T]hat the consolidated group constitutes in substance, a single taxable enterprise, despite the existence of technically distinct entities; as such, its tax liability ought to be based on its dealings with 'outsiders,' rather than on intragroup transactions. This 'single taxpayer' concept lies at the heart of the treatment, both past and present, of intercompany transactions which, in general, are eliminated in computing the group's consolidated taxable income. In effect, the results are not unlike the 'joint return' treatment of a husband and wife."

■ We agree with the foregoing authorities that the consolidated group should be treated as a single taxable enterprise for purposes of the Arizona deduction for federal income taxes paid or accrued and federal income tax liability does not accrue until the consolidated return is filed. Appellees' deduction for purposes of A.R.S. § 43–123(c) is therefore limited to their proportionate share of the consolidated tax liability.* We feel this result comports with common sense and the legislative intent as indicated in former A.R.S. § 43–135(f)(2)(B) in which in the parent-subsidiary situation the tax commission is empowered to "distribute, apportion or allocate" deductions to avoid tax evasion.

As only an amount proportionate to the federal income taxes actually paid by the parent is deductible, the question remains,

* The Department's "net-to-net" method of calculating this proportionate share was not challenged.

how do we classify the remainder of the payment made to the parent? The Department characterizes this amount as a dividend. Appellees argue that it is an ordinary and necessary business expense.

The relevant statutes in effect at the time were:

A.R.S. § 43–155(a)(1):

" 'Dividend' as used in this title means *any* distribution made by a corporation to its shareholders, whether in money or in other property.

"(A) Out of its earnings or profits accumulated after January 1, 1933, or

"(B) Out of the earnings or profits of the taxable year . . . without regard to the amount of the earnings and profits at the time the distribution was made.

.    .    .    .    .

"(b) For the purpose of this title *every* distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits . . . ."

(Emphasis supplied.)

A.R.S. § 43–123(a)(1)(A):

"In computing net income there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business . . . ."

This court has previously determined that decisions of the federal courts construing the federal income tax act are very persuasive in construing our income tax law. *Arizona State Tax Commission v. Kieckhefer*, 67 Ariz. 102, 191 P.2d 729 (1948). This case stated that the presumption in tax cases is that the additional assessment of income tax is correct and the burden is on the taxpayer to overcome that burden. In construing the term "ordinary and necessary business expense," the court held that a three-part test was applicable: (1) the expenditure must be for an expense in connection with the maintenance and operation of the taxpayer's business, (2) it must be an ordinary expense, and (3) it must be a necessary expense. 67 Ariz. at 107, 191 P.2d

729. The *Kieckhefer* court held that as the expenditures in question were *preparatory* to later operations for profit, the expenditure did not constitute current annual operating expense.

The Supreme Court of Oklahoma in *Minnehoma Financial Co. v. Oklahoma Tax Commission*, 499 P.2d 393 (Okl.1972) has ruled squarely on the dividend versus ordinary and necessary business expense question. In concluding that the same type of payments as are at issue here were not ordinary and necessary business expense, the court stated that:

"We cannot see that [the subsidiary's] payments to [the parent] under their agreement were at all helpful in the carrying on of [the subsidiary's] business or in the production (or protection) of income required by law to be included in its gross income on its Oklahoma returns for the years in question." 499 P.2d at 398.

■ We note that the payments by the subsidiaries to the parent occurred *after* the conclusion of the profit-making portion of the business for the year. Under the circumstances and authorities we conclude that any excess payments by the subsidiaries to the parent were not for an ordinary and necessary expense in the maintenance and operation of the taxpayers' business.

If the appellees' payment is not an ordinary and necessary business expense in the absence of any other applicable section it must be classified as a dividend, for former A.R.S. § 43–155(a)(1) stated that "any" distribution made out of earnings and profits is a dividend and subsection (b) stated that "every" distribution is made out of earnings and profits.

Additionally, three cases have held such payments to be dividends. The Court of Claims held in *Dynamics Corp. of America v. U. S.*, 392 F.2d 241, 183 Ct.Cl. 101 (1968) that payments made by a subsidiary to its parent in excess of its share of the consolidated tax liability were dividends. The court called attention to the words "any" and "every" in Section 115 of the Internal Revenue Code, which is substantially equiv-

alent to former A.R.S. § 43–155, and interpreted the provisions to mean that:

> "[A] distribution is presumed to be made out of earnings and profits and, to the extent thereof, constitutes a dividend, unless the distribution is specifically covered by some other section of the code. . . [W]e have here a distribution in the form of an excessive payment for constructive tax liability, made . . . out of earnings and profits. Plaintiff has failed to call our attention to any other section of the code which would better apply to the payments, and we have found no other. We are satisfied that the payments constituted a dividend." 392 F.2d at 244.

The contractual nature of the payment, the Court of Claims held, did not alter its character as a dividend. The same result was also reached in *Beneficial Corp. v. Commissioner*, 18 T.C. 396 (1952), *affirmed*, 202 F.2d 150 (3rd Cir. 1953), and *Alliegro v. Pan American Bank of Miami*, 136 So.2d 656 (Fla.App.1962).

In view of the wording of our statute, the case law and the fact that appellees have not met their burden of overcoming the presumption that the additional assessment made by the Department is correct, we hold that payments to the parent in excess of the subsidiaries' proportionate shares of the consolidated tax liability are dividends.

The last issue raised is whether the subsidiaries' proportionate shares of the consolidated tax liability should be computed before foreign tax credits and investment tax credits are subtracted from the amount that the parent would otherwise pay the federal government. It was uncontradicted that these credits are derived mainly from non-Arizona income. The Department alleges that this issue was not properly raised either in the complaint or at trial.

■ First of all, Arizona is a notice pleading state. *Folk v. City of Phoenix*, 27 Ariz.App. 146, 551 P.2d 595 (1976). Although the complaint brought by appellees did not specifically mention foreign tax credits and investment tax credits, appellees were appealing a specific monetary amount of tax deficiency. All issues relating to the amount of that deficiency, we feel, are relevant. The Department had notice before trial of this subissue for it was raised in the appellees' response to the Department's motion for summary judgment. It was also set forth in the joint pretrial statement. From the record presented we are satisfied that the issue was properly before the trial court for resolution.

Since the issue of foreign tax credits and investment tax credits was actually litigated by the parties and ruled on by the trial court, it was properly raised on appeal.

The Court of Appeals in *Anderson, Clayton & Co. v. DeWitt*, 20 Ariz.App. 474, 513 P.2d 1357 (1973) dealt with the relationship between foreign tax credits, as deducted from a corporation's federal income tax return, and its Arizona tax return. This case held that the Department had to allow the corporation to deduct as federal income taxes paid the amount that the corporation would have paid if the foreign tax credit had not been taken. The court stated that the full deduction contemplated by the statute was a deduction of federal income tax allocable to its income taxable by Arizona. Since the foreign tax credits were derived from unrelated foreign source income, the Court of Appeals approved a formula which provided that the amount of federal income taxes deductible on the corporation's Arizona return should be the amount of federal income taxes as calculated *before* the foreign tax credits were taken.

■ In the present case the trial court's findings of fact and law applied the *Anderson* rationale to both the foreign tax credits and investment tax credits. Since the Department suggests no other alternatives and because we feel that investment tax credits earned on non-Arizona income present an analogous situation to foreign tax credits, we approve the trial court's method of allowing the federal income tax deduction to include the subsidiaries' proportionate share of the consolidated federal income tax before foreign tax credits and investment tax credits earned on non-Arizona income are subtracted.

The judgment of the trial court is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

CAMERON, Chief Justice, dissenting.

For the reasons so ably stated by Judge Haire in the opinion of the Court of Appeals in *Arizona Department of Revenue v. Transamerica Title Insurance Company,* 124 Ariz. 428, 604 P.2d 1139 (App.1979), I dissent.